IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERSHEL RODNEY NUZUM, | ) |
| Plaintiff, | ) 8:05cv406 |
| vs. | ) MEMORANDUM AND ORDER |
| SALLIE MAE SERVICING CORPORATION, et al., | ) |
| Defendants. | ) |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Hershel Rodney Nuzum; and filing no. 3, the plaintiff's Motion to Repeal the Higher Education Act of 1965. By moving for leave to proceed IFP, the plaintiff subjects the complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the plaintiff has raised claims which he previously presented or could have raised in Case No. 8:04cv167, Nuzum v. Sallie Mae Servicing Corporation et al. (D. Neb.), which resulted in a final judgment in this court on May 4, 2005. I entered judgment in that case dismissing the plaintiff's claims, with prejudice, against the same defendants

1

named in the above-entitled action.

It appears to me, therefore, that this case fails to state a claim on which relief may be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii), because the plaintiff's present claims are barred by res judicata. "The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules .... Res judicata is appropriate if: (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits ...." Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted). "If these conditions are satisfied, all claims or defenses arising from a 'common nucleus of operative facts' are merged or extinguished." Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004) ("[c]laim preclusion, or 'pure' res judicata, is the 'venerable legal canon' that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits.").

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis, is denied;

2. That filing no. 3, the plaintiff's Motion to Repeal the Higher Education Act of 1965, is denied;

3. That by September 15, 2005, the plaintiff shall pay the court's $250 filing fee, and the plaintiff shall show cause in writing why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the principles of res judicata; and

4. That, in the absence of the $250 filing fee and cause shown by September

15, 2005, this case will be subject to dismissal without further notice.

August 23, 2005.    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge